IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIANA IVANOVA SIMEONOV,

    Petitioner,

v.                                                          CASE NO. 5:10cv75/MCR/AK

FEDERAL BUREAU OF PRISONS,

    Respondent.
_____/

## O R D E R

    Petitioner is a federal prisoner who was convicted in the United States District Court for the District of South Carolina in February 2008 of conspiracy to commit marriage fraud; she is currently housed at FCI Marianna, Florida. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on August 28, 2009, in the Northern District of Georgia. (Doc. 1). At the time the Petition was filed, Petitioner was not yet incarcerated. She alleges that she was "in the custody of the [Bureau of Prisons] awaiting to enter prison staying Atlanta, Georgia." *Id*. At 5-6. The docket for Petitioner's criminal case reflects that her self-reporting date was continued on several occasions, until she was finally ordered to surrender to begin serving her 15-month sentence on December 1, 2009. *United States v. Simeonov*, Case No. 4:07-cr-479-RBH-10, Doc. 1114 (4/24/09). The Petition reflects that her reporting date was continued because Petitioner gave birth to twins in 2008. (Doc. 1 at 2, 10). On April 6, 2010, the case was transferred to this Court pursuant to the Northern District of Georgia's determination that it lacked jurisdiction because Petitioner had, at that time, commenced service of her sentence. (Doc. 5).

    Petitioner seeks early release to a Residential Reentry Center (RRC) pursuant to the Second Chance Act of 2007, which she says effected certain changes to the BOP's determinations of RRC placement under 18 U.S.C. §§ 3621 and 3624. (Doc. 1 at 2-5). Petitioner alleges that the BOP could determine that she is eligible to spend as much as 12 months in RRC confinement. *Id*. Petitioner concedes that she did not exhaust any

administrative remedies before filing the petition, but she contends that the exhaustion requirement should be waived as futile, since she is likely to serve only 13 months of her imposed sentence and the time required to exhaust administrative remedies could deprive her of the full 12 months that she alleges she is entitled to serve in RRC. (Doc. 1 at 7-10).

It is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241. *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir.2004); *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632, 634 (2d Cir.2001) (addressing § 2241 petition); *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir.1994) (addressing § 2241 petition); *Little v. Hopkins,* 638 F.2d 953, 953-54 (6th Cir.1981) (discussing habeas petitions in general); *United States ex rel. Sanders v. Arnold,* 535 F.2d 848, 850-51 (3d Cir.1976) (same); *Willis v. Ciccone,* 506 F.2d 1011, 1014-15, n. 3 (8th Cir.1974) (same). "Exhaustion of administrative remedies is jurisdictional" when a petition for writ of habeas corpus is brought pursuant to § 2241 for release from a federal prison. *Winck v. England,* 327 F.3d 1296, 1300 n. 1 (11th Cir.2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit, and distinguishing such cases from habeas actions filed by state inmates under § 2254 and habeas actions filed by members of military forces convicted by special court-martials); *Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992) (citing *United States v. Lucas,* 898 F.2d 1554, 1556 (11th Cir.1990) (requirement that prisoners exhaust administrative procedures prior to seeking relief in district court is jurisdictional)); *United States v. Mitchell,* 845 F.2d 951, 952-53 (11th Cir.1988) (district court does not have jurisdiction to entertain petition seeking sentence credit until defendant has exhausted his administrative remedies; after final administrative decision, a dissatisfied prisoner may seek review of that decision) (citation omitted). Also jurisdictional is "[t]he general rule ... that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued." *Boz v. United States,* 248 F.3d 1299, 1300 (11th Cir.2001) (per curiam) (internal quotation marks and citation omitted).

The Bureau of Prisons provides a four-level administrative grievance procedure for

prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues through informal grievances. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). An appeal may then be taken to the Regional Director. *Id.* at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending. *Meagher v. Dugger,* 737 F. Supp. 641, 643 (S.D. Fla.1990).

In this case, Petitioner admits that she has not exhausted her administrative remedies prior to filing suit, and this case is subject to dismissal on that ground. The court does not find Petitioner's futility argument to be well-taken. Although this district court has recognized that the § 2241 exhaustion requirement is judicially created, not statutory, and judicially created exhaustion requirements ordinarily are subject to narrow exceptions, including futility, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Garcia v. Middlebrooks,* No. 5:08cv165/RH/MD, 2008 WL 2775951, at *1 (N.D.Fla. July 12, 2008) (citing *Jaimes v. United States,* 168 Fed. Appx. 356, 359 (11th Cir.2006) ("Given our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether he may even assert a futility exception to the requirement is questionable."); *Winck,* 327 F.3d at 1300 n. 1).

Furthermore, even if a futility exception were available, Petitioner has alleged no persuasive grounds for invoking it in this case. The fact that Petitioner was sentenced to a relatively short term of incarceration does not establish extraordinary circumstances justifying waiver of the exhaustion requirement, assuming that judicial waiver of the exhaustion requirement is available. *See Irwin v. Hawk,* 40 F.3d 347, 349 (11th Cir.1994) (requiring exhaustion in prisoner civil rights case even when denial of claim is likely because "[l]ight[ ]ning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim") (quoting *Greene v. Meese,* 875 F.2d 639, 641 (7th Cir.1989)); *Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992) (holding that the BOP's alleged failure

to release an inmate on his presumptive release date did not excuse the prisoner's failure to exhaust).

It is obvious from the face of the petition that Petitioner failed to exhaust her administrative remedies prior to filing this habeas action. This failing operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to pursue her administrative remedies. *See* 28 U.S.C. § 2243 (a court entertaining an application for writ of habeas corpus shall award the writ or issue an order directing respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant is not entitled to relief); *see also, e.g., Garcia v. Middlebrooks,* No. 5:08cv165/RH/MD, 2008 WL 2775951 (N.D. Fla. July 12, 2008) (dismissing sua sponte for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. § 3585, where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition); *Lee v. United States,* No. 5:06cv224/MCR/MD, 2007 WL 707508 (N.D.Fla. Mar.5, 2007) (dismissing sua sponte for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. § 3585, where petitioner had not initiated administrative grievance process at the time he filed his petition, but initiated it while habeas case was pending); *McLeod v. Henry,* No. 5:02cv272/MMP/MD (N.D.Fla. Oct. 1, 2002) (dismissing sua sponte for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. § 3585, where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition).

Accordingly, it is now **ORDERED** that the petition for writ of habeas corpus under § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to afford Petitioner an opportunity to exhaust her administrative remedies in accordance with BOP procedures.

**DONE and ORDERED** this 13th day of April, 2010.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 5:10cv75/MCR/AK